#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | |
|---|---|
| DANIEL KENNEMORE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:23-CV-951 ACL |
| DENISE HACKER, | ) ) ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to vacate his plea of not guilty by reason of insanity. The Court will summarily dismiss the application for writ of habeas corpus based on petitioner's failure to exhaust his state remedies.

### Background

Petitioner, who is confined at the Sexual Offender Rehabilitation Treatment Services Center (SORTS) in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1995 plea of not guilty by reason of insanity (NGRI) in the Circuit Court of St. Charles County, Missouri. Petitioner was convicted of three counts of sodomy and was sentenced to serve three concurrent ten-year terms in the Missouri Department of Corrections. *See State v. Daniel Eldon Kennemore*, No. 11R019300463-01 (11th Jud. Cir. 1995).

In 2005, following the expiration of his sentences, petitioner was civilly committed as a sexually violent predator. *See In the Matter of the Care and Treatment of Daniel Kennemore*, No. 03PR124286 (11th Jud. Cir. 2003) (hereafter "*In re Kennemore*"). Petitioner filed an appeal in the

Missouri Court of Appeals, but voluntarily dismissed his appeal in March of 2006. *See In the Matter of Daniel Kennemore*, No. ED 86696 (Mo. Ct. App. 2006).

In July of 2006, petitioner filed an application for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Kennemore v. Missouri*, No. 4:06-CV-1016 CEJ (E.D. Mo. Aug. 29, 2006). However, after petitioner failed to comply with a court order, the petition was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id*. On February 4, 2008, petitioner again sought habeas relief in this Court pursuant to § 2254, but the petition was dismissed after the Court determined it lacked jurisdiction. *See Kennemore v. Blake*, No. 4:08-CV-173 DJS (E.D. Mo. Feb. 24, 2009).

In accordance with Missouri law, petitioner's mental condition is reviewed annually, and a report is provided to the state court which committed him. *See In re Kennemore*. Petitioner's 2019 mental status report indicated he reported plans to petition the state court for release. *Id.* On May 15, 2019, he filed a motion to proceed pro se, along with correspondence advising the state court that his petition for release would be filed soon. *Id.* However, on May 31, 2019, and June 3, 2019, he filed correspondence advising the state court that he no longer wished to pursue relief there because he had filed a habeas petition in this Court. *Id.* The state court granted petitioner's motion and dismissed the case. *Id.* This Court then dismissed a newly filed federal habeas petition on the basis that petitioner had not exhausted his remedies in state court. *Kennemore v. Lawson*, No. 4:19-CV-1394 HEA (E.D. Mo. Jun. 11, 2019).

Petitioner then moved, in state court, to set aside his motion to dismiss and reinstate the case. See *In re Kennemore*. The state court denied the motions finding that because it had already dismissed the case, it no longer had jurisdiction over the matter. *Id.* Petitioner continued to file

motions for release in the state case, and the state court continued to deny them as frivolous because he provides no support for his request. *Id.*

On February 23, 2021, petitioner filed an application for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See Kennemore v. Hacker*, No. 4:21-CV-231 SRW (E.D. Mo. Sept. 28, 2021). The Court dismissed the petition was untimely on September 28, 2021. *Id.*

## Discussion

Petitioner alleges four grounds for relief in this action: (1) "The Freemasons used witchcraft to frame me"; (2) he was not extradited from Memphis, Tennessee to Missouri within the statute of limitations; (3) he was "beaten and tortured" and pled guilty to the 1995 charges to "flee abuse"; and (4) he has been forcibly medicated.[1]

Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has exhausted the remedies available in the courts of the state. The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief still open to the habeas applicant at the time he files his application in federal court. *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Although most of the cases addressing the exhaustion requirement arise from challenges to state custody following a criminal conviction, the Supreme Court's holding that exhaustion

---

[1] Except for his contention that he has been forcibly medicated, petitioner's grounds for relief relate to his 1995 conviction and are time-barred under 28 U.S.C. § 2244(d). To the extent petitioner is asserting a forcible medication claim at SORTS, he would need to seek relief in a separate action under 42 U.S.C. § 1983.

requires only a fair presentation that is satisfied by invoking one complete round of the State's established appellate review process, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner challenges state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under § 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).

This Court has reviewed petitioner's petition and the docket on Missouri Case.Net and it does not appear that petitioner has applied for release under § 552.040 to any state court. As a result, petitioner's application for writ of habeas corpus will be dismissed due to his failure to exhaust his available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED without prejudice**. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of August, 2023.

                                              HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE